# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 13-630V
March 6, 2014
Not to be Published

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
CATHY L. JACKSON,                    *
                                     *
              Petitioner,            *
                                     *
      v.                             *    influenza vaccine; five-month
                                     *    onset of Guillain-Barré Syndrome;
                                     *    petitioner moves for decision on
SECRETARY OF HEALTH                  *    the record; no expert opinion or
AND HUMAN SERVICES,                  *    medical records in support
                                     *
              Respondent.            *
                                     *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

F. John Caldwell, Sarasota, FL, for petitioner.
Linda S. Renzi, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

  Petitioner filed a petition on August 30, 2013, under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012). Petitioner alleges that her influenza ("flu") vaccination on October 5, 2010, caused a variant of Guillain-Barré Syndrome ("GBS"), which

---

[1] Because this decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this decision on the United States Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the categories listed above, the special master shall redact such material from public access.

began March 19 or 20, 2011, five and one-half months later.  See Pet.; Am. Pet.; Med. recs. Ex. 2, at 125.

On February 5, 2014, the undersigned held a telephonic status conference with petitioner and respondent, explaining that the undersigned has never gone beyond two months as an appropriate interval for a vaccination to cause a demyelinating disease, and cited the undersigned's decision in Corder v. Sec'y of HHS, No. 08-228V, 2011 WL 2469736 (Fed. Cl. Spec. Mstr. May 31, 2011) (onset of GBS four months after flu vaccination was too long to be appropriate for causation; the undersigned has never gone beyond two months as an appropriate time interval for causation).  Moreover, in the instant action, petitioner's GBS occurred three weeks after a viral illness.  Three weeks is an appropriate time interval for causation of GBS.  The undersigned discussed with the parties whether there was a reasonable basis for petitioner to proceed with this claim.  See 42 U.S.C. § 300aa-15(e)(1) (2012).

Petitioner's counsel stated during the February 5th status conference that he did not disagree with the undersigned's analysis that the case should not proceed.  Petitioner's counsel wanted a month to discuss the case with petitioner and to file a motion for a ruling on the record afterward.

On March 6, 2014, petitioner filed a Motion for Final Decision on the Record, adding "inasmuch as she will not be filing an expert report . . . ."  Pet'r's Mot., at 1.

The undersigned grants petitioner's motion and dismisses her case.

**FACTS**

Petitioner was born on March 4, 1956.

On October 5, 2010, she received flu vaccine.  Med. recs. Ex. 9, at 1.

On March 24, 2011, petitioner saw Dr. Michael J. Azrak at Rex Healthcare Emergency Department, complaining of progressive weakness in her shoulders and arms spreading to her legs, which had been present for four days (or since March 20, 2011).  Med. recs. Ex. 2, at 125.  She had not had these problems before.  Id.  Petitioner had a viral infection three weeks earlier with a cough and congestion, for which she was treated with Prednisone and Amoxicillin.  Id.

From March 24–30, 2011, petitioner was in Rex Healthcare Hospital, where she told Dr. Jeanne Lee that she had been feeling fine and folding her laundry while cleaning the house on Saturday, March 19, 2011, when she had a sudden onset of heaviness with her left upper extremity greater than her right upper extremity.  Med. recs. Ex. 1, at 32.  The following morning, on March 20, 2011, she woke with left greater than right bilateral hand pain and numbness, which had since progressed up her arms.  Id.  On Monday, March 21, 2011, she had difficulty typing on the keyboard because she had difficulty in sensing and maneuvering her fingers.  Id.  She now had difficulty with leg weakness.  Id.  Petitioner stated she had a sore throat and congestion around March 4, 2011, for which she received ten days of antibiotics and

steroids.  Id. at 33.  Petitioner's discharge diagnosis was pharyngo-bronchial variant of GBS.  Id. at 36.

## DISCUSSION

To satisfy her burden of proving causation in fact, petitioner must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury."  Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005).  In Althen, the Federal Circuit quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause and effect showing that the vaccination was the reason for the injury[,]" the logical sequence being supported by "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

Althen, 418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation."  Grant, 956 F.2d at 1149.  Mere temporal association is not sufficient to prove causation in fact.  Id. at 1148.

The Vaccine Act does not permit the undersigned to rule for petitioner based on her claims alone, "unsubstantiated by medical records or by medical opinion."  42 U.S.C. § 300aa-13(a)(1) (2012).

Petitioner admits in her Motion for Final Decision on the Record that she will not be filing an expert report.  The medical records do not support her allegation that flu vaccine caused her GBS five and one-half months later.  Without an expert opinion or any statements in the medical records causally linking petitioner's vaccination to her GBS, petitioner has failed to satisfy prong one of Althen.

Because petitioner has failed to prove that flu vaccine can cause GBS five and one-half months later, she has also failed to prove that flu vaccine did cause her GBS five and one-half months later.  Petitioner has failed to satisfy prong two of Althen.

In addition, petitioner has failed to prove that five and one-half months is an appropriate time interval to support a holding of causation of her GBS from her flu vaccination.  Thus, she has failed to satisfy prong three of Althen.

Petitioner has not filed any evidence to prove entitlement in this Program.  Petitioner has failed to make a prima facie case.  The undersigned **GRANTS** her motion to dismiss.  This petition is hereby **DISMISSED.**

## CONCLUSION

This petition is **DISMISSED**.  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: March 6, 2014                           s/Laura D. Millman
                                               Laura D. Millman
                                               Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.